*462 OPINION.
Siefkin:
J. W. Blair, in order to encourage the business of the bank in which he was the majority stockholder, guaranteed that no depositor in his bank should suffer a loss by reason thereof and that no stockholder of the bank should lose money as a result of his ownership of the stock. The evidence discloses that in 1922 Blair paid the bank $35,133.58 for notes which the directors of the bank considered of little value. In the same manner Blair paid the bank $10,801.01 in 1923 and $18,223.98 in 1924. Blair took the notes over and efforts have been continuously made since that time to the present to collect upon them. No amount was recovered upon the notes taken over in 1922 but there has been recovered $336.50 upon notes taken over in 1923 and $7,095.31 on notes taken over in 1924. The evidence discloses that a collection agency still has some of the notes and *463 efforts are being made to collect them. Petitioners contend that the amounts paid by Blair to the bank, less the amount recovered, constitutes a deductible item in the year in which such payment was made.
Petitioners depend upon section 214 of the Revenue Acts of 1921 and 1924, which provides in part as follows:
(a) In computing the net income there shall be allowed as deductions:
* * * * * * *
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;
(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *.
However, the petitioners have not shown that the notes were ascertained by Blair to be worthless in the years in which the deductions are sought to be taken or that they were in fact worthless in those years. There was some testimony tending to indicate that they were worthless in part, but the extent of the worthlessness was not shown. This being true, the petitioners have failed to prove any deductible losses.
It ⅛ unnecessary to consider the second assignment of error, since the disallowance of the deduction of $35,135.58 for the year 1922 results in a net income to Blair in that year instead of a net loss.

Judgment will be entered for the respondent.